TIMOTHY CHEN SAULSBURY (CA SBN 281434)
TSaulsbury@mofo.com
MORRISON & FOERSTER LLP
425 Market Street,
San Francisco, California  94105-2482
Telephone:    415.268.7000
Facsimile:     415.268.7522

Attorneys for Plaintiff
*Palo Alto Networks, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PALO ALTO NETWORKS, INC., | Case No. TBD |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT** |
| v. | |
| INTELLECTROS LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

Plaintiff Palo Alto Networks, Inc. ("Palo Alto Networks") files this Complaint against Defendant Intellectros LLC ("Intellectros"), and hereby alleges as follows:

## NATURE OF THE ACTION

1.  This is a declaratory judgment action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*  Palo Alto Networks seeks a declaration of non-infringement of United States Patent Nos. 9,036,563 ("the '563 Patent,"); 9,755,797 ("the '797 Patent,"); and 9,794,839 ("the '839 Patent,") (collectively, the "Patents-in-Suit").

**THE PARTIES**

2. Plaintiff Palo Alto Networks is a corporation organized and existing under the laws of Delaware, with its principal place of business at 3000 Tannery Way, Santa Clara, California 95054. Palo Alto Networks is a global leader in the design, development, and distribution of advanced cybersecurity solutions.

3. On information and belief, Defendant Intellectros LLC is a limited liability company organized and existing under the laws of the State of Texas, with its address at 3000 Custer Rd, Ste 270, # 392, Plano, TX 75075-4427.

**JURISDICTION AND VENUE**

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

6. As described in more detail below, an immediate, real, and justiciable controversy exists between Palo Alto Networks and Intellectros as to whether Palo Alto Networks is infringing or has infringed the Patents-in-Suit.

7. This Court has specific personal jurisdiction over Defendant consistent with the requirements of the Due Process Clause of the United States Constitution and the laws of the State of California, including California's Long-Arm Statute, California Code of Civil Procedure § 410.10. Intellectros has sufficient minimum contacts with the forum because Intellectros has purposefully directed its patent enforcement and licensing activities against Palo Alto Networks to the Northern District of California. Intellectros' patent enforcement and licensing efforts directed toward Palo Alto Networks in this District are substantially related to this cause of action. For example, and as detailed below, Intellectros has directed its enforcement activities on

the Patents-in-Suit to this District by sending a letter to Bruce Byrd, Palo Alto Networks' Executive Vice President and General Counsel, and to Nikesh Arora, Palo Alto Networks' Chairman and CEO alleging infringement of the Patents-in-Suit.  Both Mr. Byrd and Mr. Arora are based in this District.  The letter also lists the address of Palo Alto Networks' headquarters at 3000 Tannery Way, Santa Clara, California 95054.

8.     Furthermore, because, on information and belief, Intellectros' sole purpose and business is patent enforcement and licensing activities, Intellectros has conducted business within the Northern District of California at least by its interactions with Palo Alto Networks.

9.     Intellectros has also directed pre-suit enforcement activities concerning the Patents-in-Suit toward at least one third party in this District.  For example, Intellectros has directed enforcement activities toward Fortinet, Inc., a company headquartered in this District, for infringement of the Patents-in-Suit.  Intellectros has also sued Fortinet to enforce the Patents-in-Suit.  *Intellectros LLC v. Fortinet, Inc.*, No. 2:25-cv-01024 (E.D. Tex. filed Oct. 8, 2025).

10.     After filing suit against Fortinet, Intellectros also purposefully directed its enforcement activities toward this District by engaging in ongoing settlement discussions with Fortinet.  Days after filing its complaint in the Eastern District of Texas, Intellectros filed an "Unopposed Application for Extension of Time to Answer Complaint" on behalf of Fortinet.  *Id.* (Oct. 14, 2025), ECF No. 6.  Intellectros later filed a "Joint Motion to Stay All Deadlines and Notice of Settlement" on behalf of Intellectros and Fortinet.  *Id.* (Dec. 12, 2025), ECF No. 8.  According to the joint motion, the parties had reached an "agreement in principle," and asked the court for a 21-day stay to permit the parties to complete the settlement process.  A sealed Notice Regarding Terms of Settlement was filed concurrently with the joint motion.  *Id.* (Dec. 12, 2025), ECF No. 9.  On January 6, 2026, Intellectros filed a Joint Motion to Stay, requesting another 21-day stay.  *Id.* (Jan. 6, 2026), ECF No. 11.  According to that motion, the parties had reached a

finalized agreement and needed additional time for executing the agreement and completing steps required by the agreement prior to dismissing the case. *Id.* Thus, over a period of at least about three months, Intellectros engaged in ongoing settlement discussions with a party headquartered in this District. On information and belief, those settlement discussions involved multiple communications directed toward this District, and ongoing obligations toward Fortinet in this District.

11. The exercise of personal jurisdiction over Intellectros would comport with traditional notions of substantial justice and fair play. The exercise of personal jurisdiction in this case will not impose an undue burden on Intellectros. As a non-practicing entity with limited operations other than patent enforcement, Intellectros is not unduly burdened by litigation outside of the Eastern District of Texas, where its mailing address is located.

12. On information and belief, the company address Intellectros submitted to the Texas Secretary of State is not an actual operational headquarters. Specifically, the address listed for Intellectros on its Certificate of Formation filed with the Texas Secretary of State is 3000 Custer Rd, Ste 270, # 392, Plano, TX 75075-4427, which is the address for a mail stop ("Mailing Point"). *See* www.mailingpoint.com. The listed Mailing Point address is captured in a Google Maps Street View capture dated February 2024, reproduced below.



Intellectros cannot claim undue burden based on distance given that it has no apparent operations at its Texas address.

13. Intellectros' choice to sue other businesses for infringement of the Patents-in-Suit in venues far from its state of incorporation and listed mailing address shows that litigating in California would not place an undue burden on Intellectros. For example, Intellectros has also sued Deere & Company for infringement of the Patents-in-Suit in the Central District of Illinois. *Intellectros LLC v. Deere & Co.*, No. 4:25-cv-04166-SLD-RLH (C.D. Ill. filed Sept. 23, 2025). At least because Intellectros has voluntarily litigated to enforce the Patents-in-Suit in the Central District of Illinois, which is far from its listed address in Plano, Texas, the exercise of personal jurisdiction imposes no undue burden.

14. California has a significant interest in resolving this dispute, at least because Intellectros has undertaken a licensing program, with threats of litigation, directed to the companies headquartered and conducting business in California. For example, as discussed above, Intellectros has asserted rights based on the Patents-in-Suit against Fortinet, a company headquartered in this District. California has a substantial interest in protecting its residents from unwarranted claims of patent infringement.

15. Palo Alto Networks also has a significant interest in obtaining convenient and effective relief in this District. Palo Alto Networks is headquartered in this District. A substantial portion of the events giving rise to this action, including the enforcement activities against Palo Alto Networks, occurred within the Northern District of California. Palo Alto Networks' employees with knowledge relevant to the issues in this case are in this District. Semtech Corporation, the manufacturer of 5G modems for the accused firewalls, has an office in San Jose, CA. And the original assignee of at least two of the Patents-in-Suit, MediaTek Inc., has

a significant presence in this District through its U.S. subsidiary MediaTek USA Inc., headquartered in San Jose, California.

16. The interstate judicial system's interest in obtaining the most efficient resolution of controversies and the shared interest of the several states in furthering fundamental substantive social policies favor exercising personal jurisdiction over Intellectros. Jurisdiction over Palo Alto Networks' claims in California would result in an efficient resolution of the controversy. And as discussed in detail below, Intellectros' enforcement activities related to the Patents-in-Suit have gone far beyond solely informing a party who happens to be located in California of suspected infringement. Policy considerations promoting settlement therefore do not weigh against the exercise of personal jurisdiction in this case. There is also no conflict between the interests of California and any other state, because the same body of federal patent law would govern the patent non-infringement claim regardless of the forum.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)–(c).

## THE PATENTS-IN-SUIT

18. The '563 Patent, entitled "Method for achieving frequency reuse in wireless communications systems," issued on May 19, 2015. A true and correct copy of the '563 Patent is attached as Exhibit A.

19. Intellectros purports to hold all right, title, and interest in the '563 Patent necessary to enforce the '563 Patent.

20. The '797 Patent, entitled "Localization-based beamforming scheme for systems with multiple antennas," issued on September 5, 2017. A true and correct copy of the '797 Patent is attached as Exhibit B.

21. Intellectros purports to hold all right, title, and interest in the '797 Patent necessary to enforce the '797 Patent.

22. The '839 Patent, entitled "Mechanism for radio link monitoring and radio link failure handling in small cell networks," issued on October 17, 2017. A true and correct copy of the '839 Patent is attached as Exhibit C.

23. Intellectros purports to hold all right, title, and interest in the '839 Patent necessary to enforce the '839 Patent.

### INTELLECTROS'S ENFORCEMENT OF THE PATENTS-IN-SUIT AND THREATS AGAINST PALO ALTO NETWORKS

24. Intellectros was formed as an LLC on March 21, 2025, with Anthony Wang as its sole managing member. On information and belief, Intellectros' sole purpose is to monetize the Patents-in-Suit by threatening to file suit against companies with the goal of receiving a settlement or licensing payment substantially less than the recipient's cost of defense of a patent infringement case. On information and belief, Intellectros offers no products or services aside from its licensing of the patents, including the Patents-in-Suit.

25. On September 23, 2025, Intellectros sued Deere & Company for infringement of the Patents-in-Suit in the Central District of Illinois, asserting similar allegations of infringement based on compliance with the 5G standard. The complaint against Deere & Company lists David R. Bennett and Steven G. Kalberg of Direction IP Law as counsel for Intellectros.

26. On October 8, 2025, Intellectros sued Fortinet, Inc., a company headquartered in Sunnyvale, California, for infringement of the Patents-in-Suit in the Eastern District of Texas. Again, Intellectros asserted similar allegations of infringement based on compliance with the 5G standard. The complaint against Fortinet also lists David R. Bennett and Steven G. Kalberg of Direction IP Law as counsel for Intellectros.

27. On or about November 10, 2025, attorney David R. Bennett of Direction IP, acting on behalf of Intellectros, sent a letter to Palo Alto Networks with the subject line "Notice of

Infringement to Palo Alto Networks, Inc. re Intellectros LLC Patents." A true and correct copy of this letter and the associated claim charts is attached as Exhibit D.

28. Intellectros addressed its letter to Bruce Byrd, Palo Alto Networks' Executive Vice President and General Counsel, and to Nikesh Arora, Palo Alto Networks' Chairman and CEO. Both Mr. Byrd and Mr. Arora are based in this District, and the letter lists the address for Palo Alto Networks' headquarters in this District.

29. The November 10, 2025 letter asserts that Intellectros provides notice of "Palo Alto Networks' infringement of Intellectros' U.S. Patent Nos. 9,036,563; 9,755,797; and 9,794,839 ("Intellectros Patents")."

30. The November 10, 2025 letter further asserts "that Palo Alto Networks is infringing the Intellectros Patents by making, using (including internal use and testing), selling and/or offering for sale, as well as instructing Palo Alto Networks customers to use the Palo Alto Networks PA-400 Series Next-Generation Firewalls."

31. The November 10, 2025 letter enclosed "claim charts comparing representative claims of Intellectros Patents to the Palo Alto Networks PA-400 Series Next-Generation Firewalls."

32. The November 10, 2025 letter further requested "an initial response of this letter within two weeks from the date of this letter" and identified David R. Bennett as a contact for further discussion.

33. Intellectros' November 10, 2025 letter to Palo Alto Networks, its demand of an "initial response" within two weeks to discuss its "Notice of Infringement," and its history of enforcement activities against other parties, constitute affirmative enforcement conduct by Intellectros establishing a substantial controversy of sufficient immediacy and reality regarding whether Palo Alto Networks infringes any claim of the Patents-in-Suit.

34. After it received Intellectros' letter, Palo Alto Networks investigated the claims of infringement therein and, finding those claims unsupported and detrimental to Palo Alto Networks, brought this action to obtain just and speedy resolution of this dispute.

## CLAIMS FOR RELIEF

### COUNT ONE:
### Declaratory Judgment of Non-Infringement of the '563 Patent

35. This is a claim for declaratory judgment of non-infringement of the '563 Patent. The allegations of Paragraphs 1 through 34 above are repeated as though fully set forth herein.

36. As set forth above, Intellectros identified the '563 Patent in correspondence with Palo Alto Networks and asserts that Palo Alto Networks infringes claim 1 of the '563 Patent by making, using (including internal use and testing), selling, and/or offering for sale, as well as instructing Palo Alto Networks customers to use Palo Alto Networks' PA-400 Series Next-Generation Firewalls.

37. Palo Alto Networks is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, claim 1 of the '563 Patent.

38. For example, Palo Alto Networks' PA-400 Series Next-Generation Firewalls do not infringe claim 1 of the '563 Patent at least because they do not perform the limitation of "determining multiple co-existing communications paths based on the first and the second path quality information in accordance with a first predetermined rule *by a coordinating device.*" Intellectros alleges that the "coordinating device" is a "5G-NR core network device." Any steps allegedly performed by a 5G-NR core network device necessarily are performed by the network provider and thus not Palo Alto Networks. Palo Alto Networks does not direct or control activities performed by any 5G network provider or form a joint enterprise with any 5G network provider.

39. Intellectros' litigious history, the infringement allegations by Intellectros against Palo Alto Networks in its letter threatening enforcement, and Palo Alto Networks' denial of

infringement have created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '563 Patent.  A valid and justiciable controversy has arisen and exists between Palo Alto Networks and Intellectros within the meaning of 28 U.S.C. § 2201.

40. A judicial determination of non-infringement is necessary and appropriate so that Palo Alto Networks may ascertain its rights regarding the '563 Patent.

**COUNT TWO:**
**Declaratory Judgment of Non-Infringement of the '797 Patent**

41. This is a claim for declaratory judgment of non-infringement of the '797 Patent. The allegations of Paragraphs 1 through 34 above are repeated as though fully set forth herein.

42. As set forth above, Intellectros identified the '797 Patent in correspondence with Palo Alto Networks and asserts that Palo Alto Networks infringes claim 1 of the '797 Patent by making, using (including internal use and testing), selling, and/or offering for sale, as well as instructing Palo Alto Networks customers to use Palo Alto Networks' PA-400 Series Next-Generation Firewalls.

43. Palo Alto Networks is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, claim 1 of the '797 Patent.

44. For example, Palo Alto Networks' PA-400 Series Next-Generation Firewalls do not infringe claim 1 of the '797 Patent at least because they do not perform the limitations requiring "estimating an elevation angle of the UE based on the estimated LOS paths of the PRS from the serving base station" and "calculating a UE position based on the TOA/TDOA measurements and the elevation angle when the UE knows the plurality of base stations positions."  Palo Alto Networks' PA-400 Series Next-Generation Firewalls do not infringe at least because they do not estimate an elevation angle of the UE in the manner recited in claim 1. Nor do they calculate a UE position based on the elevation angle.  Palo Alto Networks' PA-400

Series Next-Generation Firewalls do not perform any NG-RAN (Next Generation Radio Access Network) positioning methods.

45. Intellectros' litigious history, the infringement allegations by Intellectros against Palo Alto Networks in its letter threatening enforcement, and Palo Alto Networks' denial of infringement have created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '797 Patent. A valid and justiciable controversy has arisen and exists between Palo Alto Networks and Intellectros within the meaning of 28 U.S.C. § 2201.

46. A judicial determination of non-infringement is necessary and appropriate so that Palo Alto Networks may ascertain its rights regarding the '797 Patent.

**COUNT THREE:**
**Declaratory Judgment of Non-Infringement of the '839 Patent**

47. This is a claim for declaratory judgment of non-infringement of the '839 Patent. The allegations of Paragraphs 1 through 34 above are repeated as though fully set forth herein.

48. As set forth above, Intellectros identified the '839 Patent in correspondence with Palo Alto Networks and asserts that Palo Alto Networks infringes claim 1 of the '839 Patent by making, using (including internal use and testing), selling, and/or offering for sale, as well as instructing Palo Alto Networks customers to use Palo Alto Networks' PA-400 Series Next-Generation Firewalls.

49. Palo Alto Networks is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, claim 1 of the '839 Patent.

50. Intellectros' theory of infringement is based on a UE operating in "multi radio dual connectivity" (MR-DC) mode, which is not practiced by the accused PA-400 Series Next-Generation Firewalls. Palo Alto Networks firewalls with 5G capabilities can be configured with a 5G cellular interface that can act as a primary internet connection or as a secondary connection for redundancy in case the primary connection is unavailable. The cellular interface provides data

11

connectivity using the 5G mobile network and automatically switches to a 4G or 3G network if the 5G network is unavailable—a concept known as failover.  In other words, the firewall uses one radio access technology at a time.  This is fundamentally different from MR-DC, which involves connecting to multiple carriers (anchor and drift eNBs) at the same time.

51. Palo Alto Networks' PA-400 Series Next-Generation Firewalls do not infringe claim 1 of the '839 Patent at least because they do not perform the limitations of "configuring a first cell group containing one or multiple serving cells served by the anchor eNB, wherein the first cell group contains at least a primary serving cell (PCELL)" and "configuring a second cell group containing one or multiple secondary serving cells (SCELLs) served by a drift base station (eNB)."  These steps are performed by a 5G network, not the UE—and, additionally, are performed only for UEs on which MR-DC mode is enabled.  As explained above, PA-400 Series Next-Generation Firewalls do not operate in MR-DC mode.

52. Palo Alto Networks' PA-400 Series Next-Generation Firewalls also do not infringe claim 1 of the '839 Patent at least because they do not perform the limitations of "performing radio link monitoring (RLM) and radio link failure (RLF) procedure," "de-associating the first MAC entity with the anchor eNB," and "wherein the UE also sends an RLF indication to the drift eNB" as required by claim 1.  These steps are only performed by UEs in MR-DC mode.  As explained above, PA-400 Series Next-Generation Firewalls do not operate in MR-DC mode.

53. Intellectros' litigious history, the infringement allegations by Intellectros against Palo Alto Networks in its letter threatening enforcement, and Palo Alto Networks' denial of infringement have created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '839 Patent.  A valid and justiciable controversy has arisen and exists between Palo Alto Networks and Intellectros within the meaning of 28 U.S.C. § 2201.

54.     A judicial determination of non-infringement is necessary and appropriate so that Palo Alto Networks may ascertain its rights regarding the '839 Patent.

## DEMAND FOR JURY TRIAL

Palo Alto Networks hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Palo Alto Networks respectfully requests the following relief:

(1) The Court enter a declaratory judgment that Palo Alto Networks is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of each of the Patents-in-Suit;

(2) Preliminarily and permanently enjoining Intellectros LLC, and each of its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice by personal service or otherwise, from asserting or threatening to assert against Palo Alto Networks or its customers, potential customers, or users of the Palo Alto Networks PA-400 Series Next-Generation Firewalls, any charge of infringement of any claims of the Patents-in-Suit;

(3) Awarding to Palo Alto Networks its costs and attorneys' fees; and

(4) Granting to Palo Alto Networks such other and further relief as this Court may deem just and proper.

Dated: January 15, 2026

Respectfully submitted,

By: /s/ Timothy Chen Saulsbury
Timothy Chen Saulsbury (SBN 281434)
Tsaulsbury@mofo.com
Morrison & Foerster, LLP
425 Market St.
San Francisco, CA 94105
Telephone: (415) 268-6074

Kelsey Roberts Kingman (SBN 363601)
KRobertsKingman@mofo.com
Morrison & Foerster, LLP
755 Page Mill Rd.
Palo Alto, CA 94304
Telephone: (650) 889-0114

*Attorneys for Plaintiff,*
PALO ALTO NETWORKS, INC.